UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

In re:                                                    Chapter 7

MARGARITA ONASSIS PARLIONAS,                              Case No.: 23-42029-jmm
*aka* MARGARITA MARY VEKRAKOS,


                              Debtor.
-----------------------------------------------------------X
DEBRA KRAMER, Solely as                                    Adv. Proc. No.: 25-01022-jmm
Chapter 7 Trustee for the Estate of
MARGARITA ONASSIS PARLIONAS
*aka* MARGARITA MARY VEKRAKOS,


                              Plaintiff,

              -against-

EVANGELIA ANDREONE
*aka* EVANGELIA PARLIONAS,


                              Defendant.
-----------------------------------------------------------X

## STIPULATION AND MEDIATION ORDER

**IT IS HEREBY STIPULATED AND AGREED** by and between the undersigned parties:

1. The parties shall participate in mediation, whereby a neutral and impartial person will assist them in attempting to reach a mutually acceptable negotiated resolution of the dispute between them (the "Mediation").

2. The parties jointly accept Jeffrey Traurig, Esq. to provide mediation services to them (the "Mediator").

3. The Mediation shall be non-binding.

4. The Mediator shall not have authority to render a decision that shall bind the parties.

5. The parties are not obligated to agree to any proposals which are made during the Mediation.

1

6. No party shall be bound by anything said or done during the Mediation, unless either a written and signed stipulation is entered into or the parties enter into a written and signed agreement.

7. The Mediator may meet in private conference with less than all of the parties. The Mediator may, at the request of either party or on his own initiative, conduct any conference pursuant to this Agreement by telephone, email, text message or other communication, before or after a mediation session.

8. Information obtained by the Mediator, either in written or oral form, shall be confidential and shall not be revealed by the Mediator unless and until the party who provided that information agrees to its disclosure.

9. The Mediator shall not, without the prior written consent of both parties, disclose to the Court any matters which are disclosed to him or her by either of the parties or any matters which otherwise relate to the Mediation.

10. The Mediation shall be considered a settlement negotiation for the purpose of all federal and state rules protecting disclosures made during such conferences from later discovery or use in evidence. The entire procedure shall be confidential, and no stenographic or other record shall be made except to memorialize a settlement record. All communications and conduct, oral or written, during the Mediation by any party or a party's agent, employee, or attorney are confidential and, where appropriate, are to be considered work product and privileged. Such conduct, statements, promises, offers, views and opinions shall not be subject to discovery or admissible for any purpose, including impeachment, in any litigation or other proceeding involving the parties; provided, however, that evidence otherwise subject to discovery or admissible is not excluded from discovery or admission in evidence simply as a result of it having been used in connection with this Mediation process.

11. Upon conclusion of the Mediation, the Mediator shall file with the Court a notice that the Mediator has conducted a mediation, the parties who mediated, the names of counsel who participated in the mediation, and whether the mediation resulted in a settlement of all or a portion of the issues to be mediated.

12. The Mediator and his or her agents shall have the same immunity as judges and court employees have under Federal law and the common law from liability for any act or omission in connection with the Mediation, and from compulsory process to testify or produce documents in connection with the Mediation.

13. The parties (i) shall not call or subpoena the Mediator as a witness or expert in any proceeding relating to the Mediation, the subject matter of the Mediation, or any thoughts or impressions which the Mediator may have about the parties in the Mediation; (ii) shall not subpoena any notes, documents or other material prepared by the Mediator in the course of or in connection with the Mediation; and (iii) shall not offer in evidence any statements, views, or opinions of the Mediator.

14. The Mediator's fee compensation shall be computed at the rate of $450 per hour for the time spent by the Mediator in connection with the Mediation, including, but not limited to, pre-hearing and pre-mediation session consultations and preparation, review of submitted materials and related research, joint mediations and caucus sessions, and all post-mediation caucuses and telephone and other mediation communications, including mediating any disputes as to a definitive settlement agreement. The Mediator shall also be reimbursed for his expenses, including expenses for a location to conduct the Mediation (if an expense is involved).

15. The Parties to the Mediation shall pay equal shares of the Mediator's compensation for fees and expenses. Within fifteen days after execution and entry of this Stipulation and Mediation Order, Evangelia Andreone *aka* Evangelia Parlionas shall advance or cause to be advanced the sum of $1,500 payable to Traurig Law LLC (the "Advance Payment") toward compensation for the Mediator. Following conclusion of the Mediation, the Mediator shall send via email a detailed invoice showing his time charges and expenses incurred in connection with the mediation to counsel for the Parties. Upon request of either of the Parties, prior to the conclusion of the mediation, the Mediator shall send via email a detailed invoice showing his time charges and expenses in connection with the mediation to counsel for that Party. Payment of the Mediator's fees and expenses shall be due within seven days of receipt of such invoice, except the Mediator shall seek compensation and reimbursement for the estate's share of the mediation fees and expenses upon application to the Court in accordance with 11 U.S.C. §§ 330 and 331, as required by this Court's Order entered on February 10, 2026 [ECF No. 16], which application shall be served on necessary parties by the Chapter 7 Trustee.

[Continued on the following page]

16. An individual with final authority to settle the matter and to bind the party shall attend the Mediation session on behalf of each party, it being understood that any settlement agreement signed by the Trustee on behalf of the Debtor's estate shall be subject to approval of the Bankruptcy Court.

Dated: <u>February 24, 2026</u>

/s/ *Alex E. Tsionis*
Attorney for: Debra Kramer, Solely as Chapter 7
Trustee for the Estate of Margarita Onassis Parlionas
*aka* Margaria Mary Vekrakos
Address: 38 New Street, Huntington,
New York 11743

/s/ *Karamvir Dahiya*
Attorney for: Evangelia Andreone
*aka* Evangelia Parlionas
Address: 111 John Street, Suite 1860
New York, New York 10038

/s/ *Debra Kramer, Chapter 7 Trustee*
Party:  Debra Kramer, Solely as Chapter 7
Trustee for the Estate of Margarita Onassis Parlionas
*aka* Margarita Mary Vekrakos

/s/ *Evangelia Andreone*
Party: Evangelia Andreone
*aka* Evangelia Parlionas

/s/ *Jeffrey Traurig*
Mediator: Jeffrey Traurig, Esq.

**SO ORDERED:**



Dated: March 3, 2026
    Brooklyn, New York

Jil Mazer-Marino
United States Bankruptcy Judge

4